## RICHARD HARKINS v. STATE.

No. A-5810.   Opinion Filed May 21, 1927.
(256 Pac. 64.)

See, also, 29 Okla. Cr. 167, 232 P. 1117.

Howe & Howe and Warren & Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter

called defendant, upon a charge of murder, in the district court of Choctaw county, Okla., was convicted of manslaughter in the first degree, and was sentenced to serve a term of 15 years in the state penitentiary.

At the time this case was submitted, it was orally argued briefly. No written briefs have been filed in support of the appeal. We have examined the record with care and find that the information correctly charges the crime of murder, that the court correctly instructed the jury, and no exceptions were taken to any of the instructions, and no errors of law of any moment appear to have been committed on the trial of the case, but the case appears to have been carefully tried and the record is free from any prejudicial error.

The evidence discloses that on the date charged the defendant and his brother-in-law, Hugh Kelly, were in a restaurant, at Ft. Townson, when deceased, Elmer Coker, came to them and used some abusive language to defendant and then left, going to another restaurant. Defendant and Kelly got in a car and drove away for a short time and then went to the restaurant where Coker had gone, and defendant called for him several times to come out. Coker appeared to be reluctant to do so, but did come out and walked up to defendant and struck him with his fist. Defendant then moved a few steps to where Kelly was, apparently procured from him a pistol, and approached Coker, who got behind one O'Keefe, a bystander, and according to some of the evidence reached as if to pick up a rock. Defendant reached around O'Keefe and shot Coker through or near the heart. Coker made an attempt to get to a drug store nearby, but fell and expired before reaching it. He made no statement after being shot. The evidence makes out a case of manslaughter

in the first degree, and this court perceives no reason why it should interfere with the judgment.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.