## HUGH KELLY v. STATE.

No. A-6186.   Opinion Filed May 5, 1928.
Rehearing Denied Nov. 17, 1928.
(271 Pac. 432.)

Howe & Howe and Warren & Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county for manslaughter in the first degree, and was sentenced to serve a term of six years in the state penitentiary.

The defendant and Richard Harkins were jointly charged with the murder of Elmer Coker. The following state of facts appear: On the date charged defendant and Harkins, who are brothers-in-law, went in a restaurant at Ft. Towson. Elmer Coker was there, and used some abusive language toward Harkins. He then went to another restaurant, and Harkins and defendant shortly after went to the place where Coker was. Harkins called him out, some words were passed, and Coker struck Harkins with his fist. Harkins moved a few steps to where defendant was, and apparently procured from him a pistol, then got behind a bystander, one O'Keefe, and shot Coker through or near the heart, from which he died in a few minutes. There is evidence that indicates that after shooting he returned the pistol to defendant. A severance was had. Harkins was tried, convicted, and his conviction affirmed. Harkins v. State, 37 Okla. Cr. 50, 256 P. 64. In the instant case, Harkins testified for defendant that the difficulty occurred substantially as stated, and that, after he was struck by Coker, some one, he did not know whom, handed him a pistol, with which he fired the fatal shot. Defendant denied that he furnished the pistol to Harkins.

Counsel for plaintiff in error in their brief contend that the evidence is insufficient; that the court admitted incompetent evidence offered by the state, and excluded competent evidence offered by defendant; that the demeanor of the court was hostile to defendant, and conveyed to the jury the belief of the court of defendant's guilt.

We have examined these assignments of error and the argument and authorities cited in support, and, without discussing them in detail, are clearly of the opinion that no prejudicial error is made to appear in the record. It is probable the court restricted too closely the cross-examination by defendant's counsel in one or two instances, but the restriction was upon matters of detail and of no substantial importance.

Under the entire record, including the testimony of defendant and his witnesses, defendant is clearly guilty of manslaughter in the first degree, and the punishment assessed shows that the slight errors occurring at the trial were not prejudicial.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.